People v Baez-Caban (2023 NY Slip Op 05793)

People v Baez-Caban

2023 NY Slip Op 05793

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Ind. No. 01972/16 Appeal No. 1044 Case No. 2017-2069 

[*1]The People of the State of New York, Respondent,
v
Carlos Baez-Caban, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Robinson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered November 29, 2016, convicting defendant, upon his plea of guilty, of four counts of grand larceny in the fourth degree and four counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 1½ to 3 years, unanimously affirmed.
The court properly denied defendant's motion to suppress his statement and physical evidence as fruits of unlawful police conduct. The officers had a founded suspicion of criminality, warranting their inquiry into whether the backpack defendant was carrying belonged to him, based on a combination of factors, including an increase of thefts of unattended bags from the nearby sports fields, defendant's known history of stealing bags from the fields, and their observation of defendant running away from a field with a backpack on his shoulder (see People v Hollman, 79 NY2d 181, 184-185 [1992]; People v De Bour, 40 NY2d 210, 215-216 [1976]). The officers' following of defendant in their vehicle prior to the stop did not constitute a pursuit, requiring reasonable suspicion that a crime had been or was being committed (see People v Thornton, 238 AD2d 33, 36 [1st Dept 1998]). Because defendant was not "seized" at the time of the inquiry, Miranda warnings were not required (see People v Townsend, 202 AD3d 447, 448 [1st Dept 2022], lv denied 38 NY3d 954 [2022]; People v Clarke, 157 AD3d 616, 616 [1st Dept 2018], lv denied 31 NY3d 1080 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023